UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DOMINIC BROWN** | * | CIVIL DOCKET |
| VS | * | NO. |
| **ST. CHARLES PARISH, ST. CHARLES PARISH CIVIL SERVICE BOARD** | * | SECTION " " ( ) |

* * * * * * * * * * * * * * * *

## COMPLAINT FOR DAMAGES FOR RACE DISCRIMINATION

NOW COMES Claimant, DOMINIC BROWN, a person of the full age of majority and domiciled within the jurisdictional territory of this Court, who complains as follows:

### JURISDICTION

1. This Court has jurisdiction over Petitioner's Civil Rights claims under the following statutes:

   a. Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 42 U.S.C. 2000e, et seq., which prohibits discrimination in employment based on, among other things, race and national origin.

   b. 42 u. S. C. 1981 for discrimination in employment based on race, age and national origin and violation of equal protection based on race and national origin;

   c. 42 U.S.C. 1983 for discrimination in employment based on race and national origin and violation of equal protection based on race and national origin;

   d. 5th Amendment to the U. S. Constitution - violation of substantive due process rights;

    e.      14th Amendment to the U. S. Constitution - violation of procedural due process;

2. **Pendent Jurisdiction of state claims**

    a.      Under State Law - La. Civil Code 2315, et seq - intentional infliction of emotional distress;

    b.      Under State Law General Tort Law - denial of due process in termination (civil service status)

    c.      This Court has pendent jurisdiction of Claimants' claims under the Louisiana Civil Code Article 2315 and General Louisiana Tort Law for intentional infliction of emotional distress and denial of due process, substantive and procedural.

## VENUE

3. Venue lies in this Court under 28 U.S.C. 1391 as defendant resides and/or does business within the Eastern District of Louisiana, and the violations took place within this district.

## PARTIES

4. Claimant, DOMINIC BROWN, is a person of the full age of majority, domiciled within the jurisdictional territory of this Court and, and, at all pertinent times, an employee of The Parish of St. Charles and supervised by the St. Charles Parish President.

5. Defendant St. Charles Parish is an incorporated municipality within the jurisdictional territory of this court, and employs more than 20 persons.

6. Defendant St. Charles Parish Civil Service Board is an entity capable of suing

and being sued and domiciled within the jurisdictional territory of this Court.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. On April 7, 2009, petitioner filed with the EEOC a charge of discrimination based on Race, bearing charge number 461-2009-01158, against defendant(s) alleging age, disability and gender discrimination in employment.

8. On April 19, 2011, the EEOC issued a notice of right to sue, and petitioner files these claims within the requisite period of time.

## FACTUAL ALLEGATIONS

9. Plaintiff re-avers, and incorporates herein by reference, *in globo and in extenso*, the factual allegations contained in the Charge filed with the EEOC, including, but not limited to, all factual allegations and predicates regarding gender, disability and age.   The EEOC complaint is attached as exhibit A.

## THE SCHEME AND CONSPIRACY

10. St. Charles Parish has a history of discouraging and keeping minorities out of management positions and out of civil service.

11. Petitioner was falsely charged with stealing dirt.

12. Used as a witness by the Parish and Civil Service Board was a caucasian employee with a drug history, criminal history, and with a history of complaints by Petitioner as his supervisor.

13. Knowing that the charges were false, the defendant Parish and Civil Service Board denied Petitioner substantive rights of appeal and terminated him based on the false charge of theft of dirt.

14. Defendant's charged Petitioner with theft, failed to prosecute for more than one

year, then dismissed the theft charge and charged malfeasance in office.

15. Subsequent to the malfeasance charge, defendants then field a charge of "unauthorized use of a vehicle" against petitioner, all after offering Petitioner a non-management job after the false allegation of theft.

16. St. Charles Parish and the Civil Service Board of St. Charles Parish have conspired to "cleanse" St. Charles Parish of minority management personnel and minority civil service personnel based on race.

17. Defendants' scheme to remove Petitioner from management includes, among other things, the false and libelous charge of theft, the false prosecution for theft, malfeasance and unauthorized use of a vehicle.

## COUNT I

18. Petitioner reiterates, re-alleges and incorporates allegations of previous and subsequent paragraphs.

24. By committing the intentional and negligent acts complained of, defendants have violated petitioner's rights under the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 42 U.S.C. 2000e, et seq, as amended, for discrimination based on **race**.

25. This and other violations have caused petitioner loss of pay, loss of benefits, great emotional, mental, psychological and physical harm, loss of income, loss of family and loss of enjoyment of life, for which defendants are liable in compensatory, punitive, exemplary, legal, equitable, nominal and all other damages that this Court deems necessary and proper.

## COUNT II

26. Petitioner reiterates, re-alleges and incorporates allegations of previous and subsequent paragraphs.

27. By committing the intentional acts complained of, defendants have violated petitioner's rights under **La. Civil Code 2315 and 1953**, for intentional fraud in alleging that petitioner was guilty of theft, was therefore fired, and then offered petitioner a non-management job.   The reasons for petitioner's termination were fraudulent misrepresentations used to get petitioner out of management.

28. These and other violations have caused petitioner great emotional, mental, psychological and physical harm, loss of income, loss of family and loss of enjoyment of life, for which defendants are liable in compensatory, punitive, exemplary, legal, equitable, nominal and all other damages that this Court deems necessary and proper.

WHEREFORE, petitioner, DOMINIC BROWN, prays that this Petition be filed and served and, after due proceedings, there be judgment in her favor and against defendants ST. CHARLES PARISH AND ST. CHARLES PARISH CIVIL SERVICE BOARD for compensatory, punitive, exemplary, general, legal, equitable, nominal, and all other damages that this Court deems necessary and proper.

Respectfully Submitted:

_____s/_____
John-Michael Lawrence (8143)
John-Michael Lawrence, LLC
Energy Center - Suite 2900 - PMB 204
1100 Poydras Street
New Orleans, La. 70163-2900
(504) 585-7797 tel
(225) 744-8748 fax  -  JMLaw122@cox.net